UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUANDA SIMONE BROWN, | : | CIVIL NO: 3:15-CV-01820 |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Schwab) |
| | : | |
| BANK OF AMERICA, N.A. AS SUCCESSOR BY MERGER TO LASALLE BANK N.A. AS TRUSTEE FOR CERTIFICATE-HOLDERS OF BEAR STEARNS ASSET-BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2007-HE 2, | : | |
| | : | |
| Defendant | : | |
| | : | |

## **REPORT AND RECOMMENDATION**

**I. Introduction.**

Adopting our report and recommendation, on September 9, 2016, this Court entered an order (*doc. 30*) that granted the defendant's motion to dismiss for failure to state a claim and provided *pro se* plaintiff, Quanda Simone Brown ("Brown"), with 30 days to file a second amended complaint. Because Brown has failed to file a second amended complaint within the time allotted, we recommend that her action be dismissed.

**II. Background and Procedural History.**

Brown initiated this action on September 18, 2015, by filing a complaint. After a case management conference, Brown was granted leave to file an amended complaint, and on December 8, 2015, she filed an amended complaint that named one defendant: "Bank of America, N.A. as Successor by Merger to LaSalle Bank N.A. as Trustee for Certificate-Holders of Bear Sterns Asset-Backed Securities I LLC, Asset-Backed Certificates, Series 2007-HE2" (hereinafter "Defendant"). *Doc. 14* at 1.  Brown's amended complaint raised claims under the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq.*, and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*, as well as a claim for identity theft, and all of Brown's claims related to her mortgage and state foreclosure proceedings.

On January 15, 2016, Defendant filed a motion to dismiss Brown's amended complaint for failure to state a claim.  On July 28, 2016, we issued a report and recommendation ("R&R") (*doc. 29*), recommending that this Court grant Defendant's motion to dismiss Brown's amended complaint and further recommending that Brown be granted leave to file a second amended complaint, if appropriate, to state a FDCPA claim that falls within the statute of limitations and that states a claim upon which relief can be granted.  *Doc. 29* at 48.  On September 9, 2016, this Court issued an order (*doc. 30*), adopting our R&R in its entirety and

directing Brown to file a second amended complaint as to her FDCPA claim's within 30 days.  The order warned Brown that if she failed to file a second amended complaint within 30 days, the action would be dismissed with prejudice and the case would be closed.

More than 30 days have elapsed since this Court's issuance of the September 9, 2016 order, and Brown has yet to file a second amended complaint as to her FDCPA claims.  In fact, Brown has not filed anything with this Court pertaining to this matter since April 29, 2016.  Thus, since Brown has not filed a second amended complaint within the time she was allotted, and she was expressly made aware of the consequences of failing to do so, we conclude that this action should be dismissed with prejudice and that the case should be closed.  *See, e.g., Pruden v. SCI Camp Hill*, 252 Fed.Appx. 436, 438 (3d Cir. 2007) (holding that the District Court did not abuse its discretion in dismissing plaintiff's claim with prejudice when plaintiff failed to amend his complaint within an allotted time and he was "expressly warned . . . that the failure to amend his complaint would result in dismissal of the action with prejudice.").

**III. Recommendation.**

Based on the foregoing reasons, **WE RECOMMEND** that Brown's action be **DISMISSED** with prejudice and that this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this **1st** day of **November 2016**.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge